RECEIVED
SEP 1 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| JOHNNY SMITH | CIVIL ACTION NO. 06-46-P |
| VERSUS | JUDGE STAGG |
| THOMAS RUCKER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Johnny Smith ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 6, 2006. Plaintiff complains his civil rights were violated by prison officials at the Bossier Sheriff Correctional Facility in Plain Dealing, Louisiana. He names Thomas Rucker and Charles Gray as defendants.

On July 19, 2006, this Court ordered Plaintiff to file, within 30 days of the service of the order, a copy of all steps taken in the Administrative Remedy Procedure and responses to said ARPs and an amended complaint. However, that memorandum order was returned to this Court on July 26, 2006 by the United States Postal Service marked "RETURN TO SENDER Released." To date, Plaintiff has not informed this Court of his

---

[1]This decision is not intended for commercial print or electronic publication.

new address.

All parties have the responsibility of promptly reporting to the Court and to all other parties any change in the mailing address. Failure to do so shall be considered cause for dismissal for failure to prosecute. See ULLR 41.3W.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, <u>sua sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. <u>See</u> <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court

and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 12th day of September 2006.

_____
**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**

H:\PRO SE\RULE41\Smith.add.1983.amd.9-06.wpd